OPINION
This timely appeal arises from a trial court judgment entry ordering the demolition of a house owned by Appellant, Donna J. Chisler. For the following reasons, we affirm the judgment of the trial court.
On December 16, 1998, the City of East Liverpool, Ohio (Appellee), filed a complaint seeking a demolition order of a house owned by Appellant and located at 906 Fairview Street in the city. Appellee alleged that Appellant's house was a "dangerous dwelling" as defined in East Liverpool Ordinance § 1337.07 and that Appellant received notice of and failed to comply with the city housing inspector's order to vacate, repair or demolish the house pursuant to East Liverpool Ordinance §§1337.04(e) and 1377.08. A bench trial was held on June 7, 1999. After hearing testimony from both parties, the trial court ruled in favor of Appellee and ordered the house to be demolished four weeks from the date of trial.
Appellant filed a notice of appeal with the trial court on July 7, 1999. Pursuant to Appellant's motion, the trial court stayed its demolition order pending appeal.
Appellant presents two assignments of error to this Court. Her first assignment of error states:
 "The trial court's decision, in rendering judgment in favor of City-Plaintiff, goes against the manifest weight of the evidence."
Although stated as a manifest weight of the evidence argument, Appellant actually argues that Appellee failed to present sufficient evidence that Appellant's house was a "dangerous dwelling" as defined in East Liverpool Ordinance § 1337.07.
Appellant's second assignment of error alleges:
 "The trial court's decision to issue a `tear down' order, in favor of City-Plaintiff, goes against the manifest weight of the evidence."
Again, Appellant's argument actually relates to the sufficiency of evidence. Here, Appellant argues that Appellee presented no evidence that the "dangerous structure" was beyond repair, requiring demolition under East Liverpool Ordinance § 1337.08.
Both of Appellant's assignments of error clearly require us to review the evidence presented at trial. However, Appellant has failed to provide us with a transcript of the proceedings pursuant to App.R. (9)(B). Appellant has also failed to provide a statement of the evidence or proceedings according to App.R. (9)(C), or an agreed statement of the record according to App.R. (9)(D).
It is well settled in Ohio that, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, then a reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Accordingly, we are left with no choice but to overrule Appellant's assignments of error and affirm the judgment of the trial court.
 _______________ WAITE, J.
Vukovich, P.J., concurs, Donofrio, J., concurs.